UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORENZA BUTLER & HILDA BUTLER, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3315 |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER OF REMAND**

Pending before the court are plaintiffs Lorenza and Hilda Butler's ("plaintiffs") motion to remand and motion for leave to amend their original petition. Dkt. 10–11. Also pending before the court is defendant CitiMortgage, Inc.'s ("CMI") motion to dismiss or, in the alternative, motion for more definite statement. Dkt. 6.

Because the motion to remand raises a jurisdictional challenge, the court will address it first. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 119 S. Ct. 1563 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter . . ."). Plaintiffs filed their original petition on October 26, 2012 in the 215th Judicial District Court of Harris County, Texas. Dkt. 1, Ex. B.2 at 1. Plaintiffs alleged that CMI, a previous account servicer for their home mortgage, "fraudulently without authority" withdrew more than $7,000 from their bank account after servicing rights transferred to a third party. *Id.* at 2. Plaintiffs also requested $1,000,000 in exemplary damages related to CMI's "malicious and fraudulent acts." *Id.*

CMI timely removed this action on November 9, 2012, alleging diversity jurisdiction as the basis for removal. Dkt. 1 at 3 ¶ 10; 28 U.S.C. § 1332(a). CMI pled that there is complete diversity between plaintiffs and defendant and the plaintiffs' demand for exemplary damages and attorneys'

fees exceeds the jurisdictional threshold. Dkt. 1 at 3–5 ¶¶ 11–18. Plaintiffs do not challenge CMI's assertion that the original petition sought damages in excess of $75,000. Rather, plaintiffs contend that if the court grants their pending motion for leave, the amended complaint's potential damages will fall below the amount-in-controversy requirement and the court should remand this case to state court. Dkt. 10 at 1–2 ¶ 4. However, plaintiffs' argument is unavailing, as CMI notes in its response to the remand motion, for a pleading amendment cannot deprive the court of federal jurisdiction after a proper removal from state court. *See* Dkt. 13 at 2–3; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (explaining that removal jurisdiction is determined "on the basis of claims in the state court complaint as it exists at the time of removal").

Nevertheless, plaintiffs' arguments do not end the analysis. CMI, as the removing party, bears the burden to show that diversity jurisdiction is present at the time of removal. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000."); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Regarding the amount-in-controversy requirement, the defendant bears the burden to demonstrate, by a preponderance of evidence, that the plaintiff's petition seeks more than $75,000 in damages. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Here, while plaintiffs' petition seeks just over $7,000 in compensatory damages, plaintiffs also seek attorneys' fees and $1,000,000 in exemplary damages. Dkt. 1, Ex. B.2 at 2–3. Ordinarily, when the plaintiff pleads damages in excess of $75,000, that request ends the court's inquiry and the

court should deny the remand motion, "unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (Easterbrook, J.). Although plaintiffs have pled a claim for exemplary damages, their pleading, while not the model of clarity, appears to seek damages only for CMI's alleged breach of contract.[1]  *See* Dkt. 1, Ex. B.2 at 2. A breach of contract claim will not support recovery of exemplary damages under Texas law, even if the contract is maliciously or arbitrarily breached, unless a distinct tort is alleged and proved. *Amoco Prod. Co. v. Alexander*, 622 S.W.2d 563, 571 (Tex. 1981); *Canon, U.S.A. v. Carson Map Co.*, 647 S.W.2d 321, 323–24 (Tex. App.—Corpus Christi 1982, no writ) (holding that "the actions of the appellant lacked the requisite distinct tort aspects necessary as a predicate for the award of exemplary damages"). Thus, as plaintiffs' petition does not afford a remedy of exemplary damages, the court will not consider plaintiffs' $1,000,000 damage demand in the calculation of the suit's amount in controversy.

By contrast, plaintiffs can recover attorneys' fees for a breach of contract claim, and the potential fee recovery may be considered toward the amount-in-controversy threshold. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002); TEX. CIV. PRAC. & REM. CODE § 38.001 (providing statutory authority for recovery of attorneys' fees in certain breach of contract cases). But plaintiffs' compensatory damages are limited to just over $7,000, and CMI has not alleged a potential fee recovery or even an estimate that, when combined with the actual damages, is more likely than not to exceed $75,000. Accordingly, CMI has not met its burden to demonstrate that federal jurisdiction is present, and the court must remand this case to state court. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

---

[1] Plaintiffs also allege that CMI's breach was "fraudulently without authority," but plaintiffs do not contend that CMI committed any tort independent from the actions underlying the alleged breach. Dkt. 1, Ex. B.2 at 2.

3

Pursuant to 28 U.S.C. § 1447(c), plaintiffs' motion to remand (Dkt. 10) is **GRANTED**, and this action is **REMANDED** to the 215th Judicial District Court of Harris County, Texas. All other pending motions are **DENIED AS MOOT**.

It is so **ORDERED**.

Signed at Houston, Texas on January 4, 2013.

_____
Gray H. Miller
United States District Judge